# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5901 | **DATE** | SEPTEMBER 28, 2007 |
| **CASE TITLE** | Thomas Snitzer v. The People Gas Light and Coke Co. | | |

## DOCKET ENTRY TEXT

For the foregoing reasons, Defendant The Peoples Gas Light and Cook Company's motion for judgment on the pleadings, and/or to dismiss or stay the litigation is granted in part and denied in part [37]. Defendant's motion for judgment on the pleadings is denied, and motion to stay is granted. This litigation is hereby stayed pending the conclusion of the USEPA actions. All other pending motions, including motion [22] (Defendant's motion to dismiss Count II) in case number 6 c 5901 are hereby denied as moot without prejudice in light of the stay.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter comes before the court on Defendant Peoples Gas Light and Coke Company ("Peoples") motion for judgment on the pleadings, and/or to dismiss or stay the litigation. For the reasons set forth below, Defendant's motion is granted in part and denied in part. Defendant's motion for judgment on the pleadings is denied. However, the litigation shall be stayed pending the remedy assigned by the United States Environmental Protection Agency ("USEPA").

The litigation is comprised of three consolidated citizen suits involving eight separate sites along the Chicago River. The suits were filed in April of 2005, August of 2006, and October of 2006. All three matters seek an order requiring Peoples to abate an alleged imminent and substantial endangerment to health or the environment arising from former gas plant operation at the sites. Plaintiffs seek injunctive relief in all three matters. Plaintiffs seek relief under the Resource Conservation and Recovery Act, 42 U.S.C. § 6972 ("RCRA").

On June 5, 2007, Peoples entered into an *Administrative Settlement Agreement and Order on Consent for Engineering Evaluation/Cost Analysis* ("AOC") with USEPA pursuant to Sections 104, 106(a) 107, and 122 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), as amended by 42 U.S.C. §§ 9604, 9606(a), 9607 and 9622. According to the terms of the AOC, Peoples has agreed to address environmental concerns at the eight sites at issue in the instant litigation. It is Peoples contention that Section 113(h) of CERCLA explicitly bars challenges to USEPA response actions, and that Plaintiffs lawsuit is such a challenge. Peoples therefore moves for judgment on the pleadings.

Judgment on the pleadings "is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Jay Foods, LLC v. Chemical & Allied*

## STATEMENT

*Product Workers Union*, 1998 WL 265098, at *1 (N.D. Ill. 1998). This Court may take into consideration the pleadings and documents incorporated by reference into the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). This Court may also take judicial notice of matters of public record. *Id.* A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss. *Wood*, 925 F.2d at 1581, Judgment should be granted if, when viewing all of the facts in a light most favorable to the non-moving party, it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *Id.*

Peoples makes some compelling arguments that the citizen suit provision of CERCLA obviates the instant lawsuit. We believe that this litigation is within the scope of the AOCs and indeed challenges the AOCs as contemplated by Section 113(h). We further find that Section 113(h) precludes any challenge to the AOCs, not just challenges that delay the AOCs, as the Plaintiff would have us believe. As such, any litigation involving the eight sites in question would necessarily interfere with the government-ordered AOCs.

However, these findings do not necessarily demand judgment on the pleadings. While the AOC's do comprehend the eight sites in question, there is no guarantee that they will specifically address each and every allegation in the instant litigation. We believe the Plaintiffs are entitled to pursue any leftover issues from the USEPA action. Furthermore, we do not wish to set a precedent that would discourage citizen enforcement actions under the RCRA. As Plaintiffs point out, citizens would lose their incentive to file suit if a RCRA defendant could bar a citizen suit simply by entering into an AOC after an RCRA suit was filed, thereby depriving such citizens relief and costs.

As such we hold that this litigation be stayed pending the USEPA actions related to the eight sites. We are unmoved by Plaintiffs argument that so staying would be prejudicial to them. Plaintiffs' arguments as to irreparable harm are mitigated by the fact that the sites at issue are under EPA management and supervision.

For the foregoing reasons, Defendant The Peoples Gas Light and Coke Company's motion for judgment on the pleadings, and /or to dismiss or stay the litigation is granted in part and denied in part. (# 37) Defendant's motion for judgment on the pleadings is denied, and motion to stay is granted. This litigation is hereby stayed pending the conclusion of the USEPA actions. All other pending motions, including motion # 22 (Defendant's motion to dismiss Count II) in case number 06 C 5901 are hereby denied as moot without prejudice in light of the stay.

It is so ordered.

Dated: September 28, 2007

Wayne R. Andersen
United States District Judge